1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   THE DEVELOPMENT ACQUISITION          No. 2:08-cv-03008-MCE-JFM
     GROUP, LLC.; and TEAM
12   INVESTORS, INC.,

13              Plaintiffs,

14        v.                              <u>MEMORANDUM AND ORDER</u>

15   eaCONSULTING, INC.; ROBITAH
     MOHDKHATIB,
16
                Defendants.
17

18                          ----oo0oo----

19        Through this action, Plaintiff The Development Acquisition

20   Group, LLC ("Plaintiff") moves for summary adjudication of its

21   claim for breach of contract as well as summary adjudication of

22   the cross-claim for declaratory relief filed by Defendant

23   eaConsulting, Inc. ("Defendant").  Plaintiff so moves pursuant to

24   Federal Rule of Civil Procedure 56.  For the reasons set forth

25   below, Plaintiff's Motion is denied.[1]

26

27        [1]  Because oral argument will not be of material assistance,
     the Court ordered this matter submitted on the briefing.  E.D.
28   Cal. Local Rule 78-230(h).

                                    1

1

**BACKGROUND**

2

3          In late 2006, Plaintiff executed a $500,000 loan to

4    Defendant secured by a Stock Pledge Agreement in which

5    Defendant's CEO, Chin K. Wong, pledged his personal shares of

6    stock in the Defendant corporation as security for the loan.  The

7    Convertible Promissory Note memorializing the loan set forth an

8    interest rate of 8% over the course of 90 days with a provision

9    for an increase to 12% in the event of default.  Defendant

10   defaulted on the loan and parties thereafter executed a loan

11   modification agreement memorialized by a second Convertible

12   Promissory Note (the "Note") and Stock Pledge Agreement ("Pledge

13   Agreement").  In it, the principal due was increased to $525,000.

14          Although Defendant has made substantial payment, Plaintiff

15   alleges that money is still owed on the Note.  Defendant argues

16   that the 32% annual interest rate sought by Plaintiff violates

17   California usury law under California Constitution Article XV

18   § 1.

19          After failed negotiations, Plaintiff filed suit for breach

20   of contract for failure to pay the Note and to compel

21   registration of the pledged shares.  Plaintiff now seeks summary

22   adjudication of its breach of contract claim and Defendant's

23   cross-claim for declaratory relief on the usury issue.

24   ///

25   ///

26   ///

27   ///

28   ///

**STANDARD**

The Federal Rules of Civil Procedure provide for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  One of the principal purposes of Rule 56 is to dispose of factually unsupported claims or defenses.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-324 (1986).

Rule 56 also allows a court to grant summary adjudication on part of a claim or defense.  See Fed. R. Civ. P. 56(a) ("A party claiming relief may move...for summary judgment on all or part of the claim."); see also Allstate Ins. Co. v. Madan, 889 F. Supp. 374, 378-79 (C.D. Cal. 1995); France Stone Co., Inc. v. Charter Township of Monroe, 790 F. Supp. 707, 710 (E.D. Mich. 1992).

The standard that applies to a motion for summary adjudication is the same as that which applies to a motion for summary judgment.  See Fed. R. Civ. P. 56(a), 56(c); Mora v. ChemTronics, 16 F. Supp. 2d. 1192, 1200 (S.D. Cal. 1998).

> A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. at 323 (quoting Rule 56(c)). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist.

3

1  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,

2  585-87 (1986); First Nat'l Bank v. Cities Serv. Co., 391 U.S.

3  253, 288-89 (1968).

4      In attempting to establish the existence of this factual

5  dispute, the opposing party must tender evidence of specific

6  facts in the form of affidavits, and/or admissible discovery

7  material, in support of its contention that the dispute exists.

8  Fed. R. Civ. P. 56(e).  The opposing party must demonstrate that

9  the fact in contention is material, i.e., a fact that might

10 affect the outcome of the suit under the governing law, and that

11 the dispute is genuine, i.e., the evidence is such that a

12 reasonable jury could return a verdict for the nonmoving party.

13 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 251-52

14 (1986); Owens v. Local No. 169, Assoc. of Western Pulp and Paper

15 Workers, 971 F.2d 347, 355 (9th Cir. 1987).  Stated another way,

16 "before the evidence is left to the jury, there is a preliminary

17 question for the judge, not whether there is literally no

18 evidence, but whether there is any upon which a jury could

19 properly proceed to find a verdict for the party producing it,

20 upon whom the onus of proof is imposed."  Anderson, 477 U.S. at

21 251 (quoting Schuylkill and Dauphin Improvement Co. v. Munson, 81

22 U.S. 442, 448 (1871)).  As the Supreme Court explained, "[w]hen

23 the moving party has carried its burden under Rule 56(c), its

24 opponent must do more than simply show that there is some

25 metaphysical doubt as to the material facts....Where the record

26 taken as a whole could not lead a rational trier of fact to find

27 for the nonmoving party, there is no 'genuine issue for trial.'"

28 Matsushita, 475 U.S. at 586-87.

4

In resolving a summary judgment motion, the evidence of the opposing party is to be believed, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party.  Anderson, 477 U.S. at 255. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898 (9th Cir. 1987).

**ANALYSIS**

Plaintiff seeks summary adjudication on its breach of contract claim asserting that it is entitled, as a matter of law, to full repayment of the loan entered into by parties at a 32% interest rate per annum.  Central to this matter is a determination of the applicability of California's usury law.

California Constitution Article XV § 1 provides that interest charged on an obligation in excess of 10% is usurious and therefore cannot be collected.  However, several statutory exemptions to this rule exist, including an exemption for indebtedness over $300,000.  Cal. Corp. Code § 25118. Notwithstanding, this statutory exemption to the constitutional rule may not apply if a loan is guaranteed by personal assets. Cal. Corp. Code § 25118(e)(1).

///

///

///

5

1    Plaintiff alleges Defendant has breached the terms of the

2    loan by failing to repay the Note at a 32% annual interest rate.[2]

3    Although California's usury law generally limits the interest

4    that may be charged, Plaintiff argues that statutory exemption

5    applies because the loan is for an indebtedness over $300,000.

6    However, Defendant's CEO Chin K. Wong pledged over to

7    Plaintiff 525,000 personally held shares of Common Stock in the

8    Defendant corporation as security for the loan.  The Promissory

9    Note specifically refers to the Pledge Agreement as providing

10   collateral to the loan.  (Pl.'s Mot. Summ. J., Ex. "Convertible

11   Promissory Note", Jan. 2, 2007, at 1-2)  The Pledge Agreement was

12   entered into and signed by Mr. Wong as an individual, not on

13   behalf of the Defendant corporation or in his capacity as CEO.

14   (Pl.'s Mot. Summ. J., Ex. "Stock Pledge Agreement", Jan. 2, 2007,

15   at 1-8)  As such the collateral pledged to secure the loan was a

16   personal asset within the meaning of Cal. Corp. Code

17   § 25118(e)(1). The loan is therefore disqualified for statutory

18   exemption.

19   It is inconsequential the assets pledged were shares of the

20   Defendant corporation itself.  The items offered could have just

21   as easily been widgets.  As long as it was privately owned and

22   privately pledged, the collateral existed as a personal asset

23   falling outside the reach of statutory exemption to California's

24   usury law.

25   ///

26

27   [2] Plaintiff contends that the 8% interest rate on a ninety-
     day loan reflected in the Convertible Promissory Note translates
28   to a 32% interest rate per annum.

6

1   Consequently, collection on the Note must comply with the

2   limitations of California Constitution Article XV § 1.  Summary

3   adjudication on the matter would be improper.

4

5                              **CONCLUSION**

6

7        For the reasons stated above, Plaintiff's Motion for Summary

8   Adjudication (Docket No. 16) is DENIED without prejudice.[3]

9        IT IS SO ORDERED.

10   Dated: January 15, 2010

11

12

13   _____
     MORRISON C. ENGLAND, JR.
14   UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27        [3] Because oral argument will not be of material assistance,
     the Court ordered this matter submitted on the briefing.  E.D.
28   Cal. Local Rule 78-230(h).

                                    7