UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THE DEVELOPMENT ACQUISITION GROUP, LLC, et al.,

    Plaintiffs,

  v.

ea CONSULTING INC., et al.,

    Defendants.

No. 2:08-cv-03008-MCE-JFM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Plaintiffs The Development Acquisition Group, LLC ("DAG") and Team Investors, Inc., filed their Complaint in this action against ea Consulting, Inc. ("ea Consulting"), and Robitah Mohd-Khatib on December 11, 2008. Subsequently, on January 12, 2009, ea Consulting filed a Cross-Complaint[1] against DAG.

///

---

[1] ea Consulting labeled its pleading a "Cross-Complaint," and it has been referred to as such by the parties and the Court. Technically, however, since ea Consulting brought claims against an opposing party, it is a Counterclaim. <u>See</u> Fed. R. Civ. P. 13. For sake of consistency, and because these semantics will not alter the result here, the Court will continue to refer to that document as a "Cross-Complaint."

1

On March 8, 2011, this Court granted summary adjudication in favor of ea Consulting in the amount of $58,519.13 on its Cross-Complaint.

In the meantime, in anticipation of trial, the parties were ordered to file their Joint Final Pretrial Statement and any evidentiary or procedural motions not later than December 22, 2011. When neither side filed any documents on that date, the Court issued a minute order ordering the parties to show cause as to why they failed to comply with the Court's above directives.

Mark A. Serlin, counsel for Plaintiffs, filed a response to the Court's Order to Show Cause, informing this Court that he had been advised by referring counsel that Plaintiff DAG is essentially defunct. Declaration of Mark A. Serlin, ¶ 2. It is thus unsurprising that Mr. Serlin further declared he has been unable to communicate with his client regarding how to proceed in this action. Id. Given DAG's defunct status and counsel's inability to communicate with his client, Mr. Serlin is willing to stipulate to a dismissal of this case. Id.

Attorney for Defendants also filed a declaration indicating that during the course of the instant litigation, he had discovered Plaintiffs "were no longer engaged in any business activity and were insolvent." Declaration of Timothy A. Charshaf, ¶ 4. Defendants' counsel therefore prepared a stipulated judgment and dismissal that he sent to Plaintiffs' counsel on January 12, 2012. Id., ¶ 5. As part of this stipulated dismissal, Defendants' counsel proposed confirming the partial summary judgment awarded against DAG the prior year. Id.
///

2

...

1 Plaintiffs' counsel subsequently corresponded with Defendants'
2 counsel regarding the issue, but, due to his clients' defunct
3 status, Plaintiffs' counsel was apparently unable to obtain the
4 requisite signatures on the stipulation. Id., ¶ 6-7.  Like
5 Plaintiffs' counsel, Defendants' counsel is amenable to
6 dismissing this action with the caveat that judgment be entered
7 against Plaintiff and Cross-Defendant DAG in favor of
8 ea Consulting. Id., ¶ 8.

   Accordingly, given Plaintiffs' purportedly defunct status
and inability to prosecute this action, as well as both
Plaintiffs' and Defendants' counsels mutual willingness to
terminate this litigation, Plaintiffs' action against Defendants
is hereby DISMISSED with prejudice pursuant to Federal Rule of
Civil Procedure 41(b) and Eastern District of California Local
Rule 110.  In addition, judgment in the amount of $58,519.13 is
entered in favor of ea Consulting on its Cross-Complaint against
DAG pursuant to this Court's Order dated March 7, 2011 (ECF
No. 34).  All remaining causes of action in the Cross-Complaint
are DISMISSED with prejudice, and the Clerk of the Court is
directed to close this case.

   IT IS SO ORDERED.

Dated: March 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE